```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ALICE WILSON,
                                                              OPINION AND ORDER
                    Plaintiff,
                                                              04 CV 1906 (NG)
        - against -

CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, DEPUTY
INSPECTOR JOHN ESSIG, POLICE
OFFICER DEVINE, POLICE OFFICER
SCHULTZ, POLICE OFFICER RACE,
POLICE OFFICER FESLER, POLICE
OFFICER ASMAN, and POLICE
OFFICER THOMAS GIRANDO,

                    Defendants.
----------------------------------------------------------x
```

**GERSHON, United States District Judge:**

Plaintiff Alice Wilson brings this action against defendants City of New York, New York City Police Department, Deputy Inspector John Essig, and New York City Police Officers Thomas Girando, Devine, Fesler, Race and Rebecca Asman, alleging violations of 42 U.S.C. § 1983. All defendants move for dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on the grounds that: (1) plaintiff's claims are barred by the doctrine of *res judicata*; (2) plaintiff's claims are barred by the doctrine of collateral estoppel; (3) the New York City Police Department ("NYPD") cannot be sued; and (4) plaintiff's state law claims are barred by the statute of limitations. For the reasons set forth below, the motion is granted.

1

**BACKGROUND**

On or about April 29, 2002, a group of New York City police officers entered plaintiff's home, located at 187-37 Hilburn Avenue, Hollis Queens, New York. Plaintiff alleges that the officers entered without a valid warrant and handcuffed her during the search. According to the complaint, the officers were clad in riot gear when they entered plaintiff's home, with firearms drawn.

On or about January 21, 2003, plaintiff filed a summons and complaint with the New York Supreme Court, Queens County, under docket number 1519-2003, against the City of New York, the New York City Police Department, and five unidentified police officers. In that complaint, plaintiff brought claims for false arrest or false imprisonment in violation of plaintiff's civil rights, malicious prosecution, negligent hiring and supervision, and violation of plaintiff's Fourth Amendment rights. Discovery ensued, and several depositions were taken. On February 10, 2004, plaintiff moved to amend the caption in order to add the names of individual officers and to add a new claim. Defendants cross-moved for dismissal or summary judgment. On April 23, 2004, the New York Supreme Court granted defendants' motion in a seven-page opinion that discussed in detail plaintiff's failure to establish a claim against defendants. *Wilson v. City of New York, et al.*, No. 1519/03 (Sup. Ct. N.Y. Queens Apr. 23, 2004) (Elliot, J.) (Exh. B to the Motion to Dismiss, hereinafter "State Court Decision"). The complaint was dismissed and the motion to amend was denied.

Plaintiff filed the instant action on May 7, 2004, on the basis of the same, April 29, 2004, activity that led to the state court action. The defendants here are the same defendants that were sued in the state court action. However, the police officers are identified by name in this suit.

Pursuant to 42 U.S.C. § 1983, the complaint brings claims for (1) false detention; (2) general negligence; (3) negligent hiring and supervision; and (4) violation of plaintiff's Fourth Amendment rights.

**DISCUSSION**

**I.     New York City Police Department**

Plaintiff's claims against the New York City Police Department are dismissed, as it is not a suable entity. *See, e.g., Wray v. City of New York*, 340 F.Supp.2d 291 (E.D.N.Y. 2001) ("claims against the New York City Police Department fail because it is an agency of the City of New York and therefore is not a suable entity").

**II.    Statute of Limitations**

While plaintiff appears to raise all of her claims under Section 1983, to the extent plaintiff asserts any state law claims, they are barred by the statute of limitations. The events which form the basis of the complaint took place on or about April 29, 2002. Complaint ¶ 16. The complaint was filed May 7, 2004. New York's General Municipal Laws Sections 50-e and 50-i dictate that "plaintiffs asserting state tort law claims against a municipal entity or its employees acting in the scope of employment must (1) file a notice of claim within ninety days after the incident giving rise to the claim, and (2) commence the action within a year and ninety days from the date on which the cause of action accrues." *Bailey v. Tricolla*, No. 94-CV-4597 (CPS), 1996 WL 733078 (E.D.N.Y. Dec. 11, 1996). Thus, any state law claims in the instant action must have been filed, at the latest, by July 28, 2003.

3

**III. Res Judicata**

Defendants contend that the dismissal of the action in state court precludes plaintiffs from seeking relief here. "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."[1] *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The doctrine of res judicata bars a second suit between the same parties or their privies based on the same cause of action or claims when a judgment has been rendered on the merits. *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002). The Second Circuit has stated:

> "the doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

*Securities and Exch. Comm'n v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1463 (2d Cir. 1996), *cert. denied*, 522 U.S. 812 (1997) (quoting *Nevada v. United States*, 463 U.S. 110, 129-130 (1983)). Thus, determination of whether res judicata applies is ultimately a three-step inquiry. The court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir.2001) (quoting *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir.), *cert. denied*, 531 U.S. 1035(2000)).

---

[1] It has been noted by our Court of Appeals that "there appears to be no significant difference between New York preclusion law and federal preclusion law." *See Pike*, 266 F.3d at 91, n. 14.

### A. Parties

The previous action involved identical parties to the parties in the instant action. The only difference between the two actions with regard to the parties is that the state court complaint did not identify the police officers by name. This distinction does not alter the res judicata effect of the first action. *See, e.g., Lewis v. Butler,* 2004 WL 1381141 (N.D.Ill. May 07, 2004) (holding second suit barred by res judicata where only difference between the two suits was that the corrections officer defendants were identified by name in the second suit).

### B. Claims

The claims raised in the prior action were the same as the claims raised in the instant suit. The only possible exception is plaintiff's *Monell* theory of liability against the city.[2] *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff argues that the instant complaint raises a new claim in the "third cause of action" where she alleges "Defendant City and its agency defendant NYPD has implemented a policy, practice and procedure to investigate and prosecute the violation of the laws of the City and State of New York." *See* Complaint ¶ 37. The essence of this claim seems to be an assertion that the City has a policy of relying on confidential informants. *See* Complaint ¶ 41 ("defendants. . . trample the rights of individual citizens. . . in reliance upon a suspect population, that includes felons, defendant arrestees and/or confidential informants"). Even if this is a new claim, it is barred by *res judicata* if it should have been raised in the first suit. *See Pike,* 266 F.3d at 91. "Whether a claim that was not raised in the previous action could have been

---

[2] Plaintiff raised a claim in the previous complaint that her constitutional rights had been violated by a policy of the City. Here, plaintiff seems to be pointing to a new policy, but it is not entirely clear that this is a new claim. Also, as discussed *infra*, the alleged new claim was addressed in the State Court Decision.

raised therein depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims." *Id.* (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir.1997)) (internal quotation marks omitted). "To ascertain whether two actions spring from the same 'transaction' or 'claim,' we look to whether the underlying facts are 'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting *Interoceanica*, 107 F.3d 86). "The question is not whether the applicable procedural rules permitted assertion of the claim in the first proceeding; rather, the question is whether the claim was sufficiently related to the claims that were asserted in the first proceeding that it should have been asserted in that proceeding." *Id.*

Application of the "transaction" test to the case at hand yields the conclusion that plaintiff's *Monell* claim is barred. The *Monell* claim merely asserts a basis for liability against the City for the same underlying incident. While certain additional facts must be established to prove a *Monell* claim, "[e]ven claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp. V. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999).

The conclusion that plaintiff should have raised the *Monell* claim in the first proceeding is bolstered by the history of the case. This is the very claim that plaintiff attempted to add in her motion to amend the state court complaint. However, the state court denied plaintiff's motion. This denial arguably constitutes an adjudication on the merits of this claim, as the New York Supreme Court stated, in denying the motion to amend, that "[t]his court finds that plaintiff has failed to show facts demonstrating an official policy of condoning police misconduct in the procedure for obtaining

6

search warrants based upon information provided by Confidential Informants." *See* State Court Decision at 6. However, the court need not reach the question of whether the state court actually reached this claim through such a finding, since it is clear that the claim could have been asserted in the prior action.

### C. Adjudication on the Merits

Plaintiff argues that the New York decision cannot be considered an adjudication on the merits, since the New York Supreme Court did not explicitly say that the decision was "on the merits." In the state court action, defendants cross-moved "for an order pursuant to CPLR § 3211(a)(7) for dismissal of the verified complaint and/or pursuant to CPLR [§] 3212 granting defendants summary judgment dismissing plaintiff's complaint." However, in granting the City's cross-motion, the state court did not invoke the phrase "on the merits." Nor did the court explicitly specify whether it was dismissing the plaintiff's complaint pursuant to Section 3211(a)(7) or granting summary judgment pursuant to Section 3212.

Pursuant to Section 3211(c), if a court wishes to convert a Section 3211(a)(7) motion into a Section 3212 motion for summary judgment, it must give the parties notice. *See* N.Y. C.P.L.R. § 3211(c); *Rovello v. Orofina Realty Co.*, 40 N.Y.2d 633, 635 (1976). However, the notice provision is not implicated here because defendants moved in the state court for both dismissal pursuant to Section 3211(a)(7) and/or summary judgment pursuant to Section 3212. *See* State Court Decision at 1. Thus, plaintiffs were put on notice by defendants' original motion of their intention to pursue summary judgment. Furthermore, the chief concern of the *Rovello* court, interpreting the requirements of Section 3211(c), seemed to be providing plaintiffs with a fair opportunity to assemble the evidence necessary to counter a motion for summary judgment. *See Rovello*, 40

7

N.Y.2d at 636 ("If the trial court had chosen to treat defendants' motion as one for summary judgment under CPLR 3211 (subd [c]), and 3212, and had adequately notified the parties, plaintiff would have been forced to introduce further evidence to withstand the motion. In fact, such evidence might well exist."). Here, in support of their motion, defendants submitted evidence including deposition testimony from the extensive discovery that had already taken place at the time of the motion. The state court decision took all of this evidence into account and relied upon the deposition testimony in arriving at its decision. *See* State Court Decision at 5 ("Indeed, Officer Gironda testified at his deposition that his 'testimony had nothing to do with getting the search warrant.'"). Thus it cannot be said that plaintiff was taken by surprise by the motion for summary judgment. Indeed, the state court decision indicates plaintiff responded to the cross-motion as if opposing a motion for summary judgment. *See* State Court Decision at 3 ("In opposition to the cross-motion, plaintiff argues that material issues of fact exist based upon, *inter alia*, Officer Gironda's deposition testimony, the testimony elicited before the Criminal Court judge, police guidelines and directives as to verification of informant's tips, supervision and training, and warrant procedures.").

In light of this context, that the state court decision did not include the words "on the merits" is insufficient to negate its preclusive effect. The State of New York has recognized situations where a decision will have preclusive effect in spite of the failure to include the words "on the merits." *See Strange v. Montefiore*, 59 N.Y.2d 737, 738 (1983) (holding that C.P.L.R. § 5013 "does not require that the prior judgment contain the precise words 'on the merits' in order to be given res

judicata effect; it suffices that it appears from the judgment that the dismissal was on the merits.")[3]; *see also Barrett v. Kasco Const. Co., Inc.*, 56 N.Y.2d 830 (1982) ("although the prior judgment of Supreme Court does not specifically recite that it is 'on the merits', that judgment should be given res judicata effect in order to prevent the plaintiff from circumventing the preclusion decree.").

The case at hand is one, like *Strange* and *Barrett*, where, in spite of the absence of the words 'on the merits', the prior court judgment reveals an intent to create a final ruling on the merits, with preclusive effect. This conclusion is bolstered by Justice Elliot's language in the decision, where, after stating that plaintiff has had a full opportunity to pursue discovery, he writes:

> "[w]hile the need for further discovery under certain circumstances can result in a summary judgment being denied as premature, **it does not do so here** as 'there has been a failure to demonstrate that the discovery being sought is anything more than a fishing expedition [citations omitted]'. *Greenberg v. McLaughlin*, 242 AD2d 603 at 604.

State Court Decision at 6 (emphasis added). This language demonstrates that Justice Elliot intended to grant summary judgment. In sum, under New York law, the prior decision is a final decision on the merits, with preclusive effect. This action is barred by the doctrine of *res judicata.*

---

[3] Section 5013 states that "a judgment dismissing a cause of action before the close of the proponent's evidence is not a dismissal on the merits unless it specifies otherwise, but a judgment dismissing a cause of action after the close of the proponent's evidence is a dismissal on the merits unless it specifies otherwise."

9

## CONCLUSION

For the reasons set forth above, defendants' motion is treated as a motion for summary judgment and the Clerk of Court is directed to enter judgment for defendants and dismiss the complaint.

**SO ORDERED.**

_____/s/_____

Dated: September 28, 2005  
      Brooklyn, New York

**NINA GERSHON**
**United States District Judge**